UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDY UJOH,

          Plaintiff,

      v.                                                                 Case No. 09-cv-343-JPG

JOHN POTTER, *Postmaster General of the United States Postal Service*,

          Defendant.

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      This matter is before the Court on Defendant John Potter's (hereinafter "Potter") Motion to Dismiss and Memorandum in Support Thereof (Doc. 5).  Plaintiff Brandy Ujoh (hereinafter "Ujoh") filed a Response (Doc. 6) thereto.  For the following reasons, the Court **GRANTS** Potter's motion.

## BACKGROUND

**I.      Motions to Dismiss Generally**

      For purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007).  Nevertheless, in order to provide fair notice of the grounds for his claims, the plaintiff's complaint must allege sufficient facts "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (2007).

## II.    Facts

On November 26, 2007, the United States Postal Service (hereinafter "USPS") hired Ujoh as a transitional carrier for its East St. Louis, Illinois, office.  Ujoh would not hold this position for long, as her employment with USPS was terminated on January 14, 2008. According to Ujoh's Complaint (Doc. 2), her termination was the culmination of roughly two and a half months of discrimination, harassment, and a hostile and abusive work environment at USPS.[1]  This abuse targeted Ujoh's gender (female), race (African American), physical disability (she had undergone two bilateral hip replacement surgeries), and retaliation (use of USPS's grievance procedure).  Despite being aware of the conditions of Ujoh's employment, USPS failed to take corrective action.

## III.    Procedural Posture

On May 23, 2008, Ujoh filed formal charges of employment discrimination with Potter's Equal Employment Opportunity (hereinafter "EEO") unit.  In her EEO complaint, Ujoh alleged that she was denied employment with USPS because she was found to be medically unsuitable for the position of transitional carrier.  She also asserted discrimination on the grounds of her physical disability.  Following the process and investigation of her EEO complaint, Ujoh's complaint was remanded to USPS for a Final Agency Decision (hereinafter "FAD"), which ultimately denied Ujoh relief on February 17, 2009.  The FAD included Ujoh's "Right to Sue" letter, leading to the timely filing of her federal lawsuit on May 5.

Ujoh's federal complaint contained the following two counts: 1) violation of Title VII of

---

[1]In fact, Ujoh stated that the discrimination began on or about November 1, 2007, which was more than three weeks before she was even hired by USPS.  (Doc. 2, p. 2, ¶ 4).

the Civil Rights Act, and; 2) violation of the Rehabilitation Act and Americans with Disabilities Act.  Both counts referenced gender, race, physical disability, and retaliation as the bases of alleged discrimination, harassment, and hostile work environment.  Potter now seeks dismissal of the first count for Ujoh's purported failure to exhaust her administrative remedies.

## ANALYSIS

### I.    Matters Outside the Pleadings

As a preliminary matter, Potter's motion to dismiss refers to matters outside the pleading. Specifically, Potter seeks to introduce various documents concerning Ujoh's EEO complaint, including the complaint itself.  Ordinarily, when such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may not consider the material unless it converts the motion into one for summary judgment and gives the parties fair warning that it is doing so and an opportunity to respond.  Fed. R. Civ. P. 12(d).  However, there is an exception to this general rule where the attached material is expressly referenced in the complaint and is central to the plaintiff's claim.  *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002);  *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)).

In the instant case, the extrinsic documentation sought to be introduced by Potter falls under the exception to Rule 12(d).  Ujoh's federal complaint explains that she "timely filed charges of Employment Discrimination before the USPS EEO in Charge No. 4J-630-0058-08, charging [Potter] with acts of discrimination . . . ."  (Doc. 2, p. 2, ¶ 5).  Her complaint  goes on to chronicle such alleged discrimination and makes reference to the Equal Employment Opportunity Commission's (hereinafter "EEOC") FAD, which Ujoh attached to her complaint. (*See* Doc. 2; Attach. #2).  While none of the documentation that Potter seeks to introduce was

3

attached to Ujoh's complaint, its express reference therein is clear.[2]  Furthermore, Ujoh's EEO documentation is directly linked to her discrimination claims; specifically, as will be seen, the number of claims of discrimination at the agency level (or lack thereof) goes to the heart of what this Court will (or will not) hear.  As such, the extrinsic documents at issue are central to Ujoh's claim, and they will be considered by the Court in ruling on Potter's Rule 12(b)(6) motion.[3]

## II.   Title VII

Title VII of the Civil Rights Act of 1964 requires a plaintiff to present her Title VII claims to the EEOC before filing a federal lawsuit.  42 U.S.C. § 2000e-5(f)(1) (2006); *Gorence v. Eagle Food Ctrs, Inc*., 242 F.3d 759, 763 (7th Cir. 2001).  While exhaustion of such administrative remedies is a precondition to a Title VII suit, it is not a jurisdictional requirement. *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982);  *Ameritech Ben. Plan Comm. v. Commc'n Workers of Am.*, 220 F.3d 814, 819 (7th Cir. 2000);  *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000).

A Title VII plaintiff may sue only on "those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations."  *Haugerud v. Amery Sch. Dist*., 259 F.3d 678, 689 (7th Cir. 2001) (internal quotations and citations omitted).  Claims are "like or reasonably related" if there is a factual relationship between the charge and the complaint that "describe[s] the same conduct and implicate[s] the same individuals."  *Id.* (internal citations and quotations omitted).  If there is

---

[2]It could even be said that the FAD, which Ujoh attached to her complaint, represents the culmination of all the materials sought to be introduced by Potter.

[3]As one might expect, the exception to Rule 12(d) also extends to material attached as an exhibit to the plaintiff's complaint.  *See Tierney*, 304 F.3d at 738. Accordingly, the Court will be considering the FAD in its analysis as well.

such a factual relationship, the Court then asks whether the lawsuit claim could reasonably have developed from the EEOC's investigation of the charge. *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). If so, the employer will have had fair warning of the claims against it and a fair chance to settle the dispute during the administrative proceedings. *Haugerud*, 259 F.3d at 689.

Here, upon review of this case's posture, the documentation submitted by Potter, and the FAD, the result is clear: Ujoh's Title VII claim must be dismissed. Nowhere in the EEO complaint, including a one-page letter that Ujoh herself typed and attached to the document, does she reference any discrimination other than that aimed at her physical disability. In fact, as Potter correctly points out, the EEO complaint contains a boilerplate listing of various types of discrimination, including sex, race, retaliation, and disability; however, Ujoh only checked the box marked for disability. Of course, as a result of the "incomplete" EEO complaint, the EEOC did not consider any potential gender, race, or retaliation discrimination in its FAD.

It can hardly be said that any discrimination as to Ujoh's physical disability is like or reasonably related to the other forms of discrimination that she alleges, especially given the relative specificity of her federal complaint. The Court can discern no factual basis on which to draw a relationship amongst the four types of discrimination alleged, and Ujoh cites to none in her response brief.[4] The Court is well-aware that employees often file an EEOC charge without the assistance of a lawyer; thus, "a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Haugerud*, 259

---

[4]Because analysis need not progress further, the Court will not consider whether the federal lawsuit could reasonably have been developed from the EEOC's investigation.

5

F.3d at 689.  However, when a plaintiff chooses not to mention several key facts that serve as the basis of a Title VII action, this Court will not hear any claims arising thereunder.[5]

In summation, only Ujoh's disability discrimination claim remains; however, it may not continue under count one due to the express terms of Title VII.  *See* 42 U.S.C. § 2000e-2(a)(1). Accordingly, count one must be dismissed.  The Court notes that dismissal of count one, premised on Ujoh's failure to exhaust the administrative remedies available to her, will be without prejudice.  *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) (citations omitted).

<u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** the instant Motion to Dismiss (Doc. 5) and **DISMISSES without prejudice** the first count of Ujoh's complaint, alleging violation of Title VII of the Civil Rights Act of 1964.  The Clerk of Court shall enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**
**DATED: December 10, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[5]Ujoh's response also discusses the following exception to the exhaustion doctrine: "[c]ourts will not require exhaustion when the administrative remedy is inadequate because it does not exist, or would not provide relief commensurate with the claim, or would unreasonably delay the action and thereby create a serious risk of irreparable injury."  *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1556 (11th Cir. 1985) (citations omitted).  However, other than generally referring to *Panola*, Ujoh does not bother to explain how her plight fits under this limited exception; as such, it will not be considered by the Court.